IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PITTSBURGH COMMISSION ON HUMAN RELATIONS and MEKALA MICHELLE FRANGOS, <br><br>                    Plaintiffs, <br><br>          v. <br><br>VILLAGE GREEN and <br> CCI HISTORIC, INC., <br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 2:20-cv-1561-WSH |

## ORDER APPOINTING SPECIAL MASTER

AND NOW, this 21st day of September 2021, in light of a discovery dispute between the parties with respect to the deposition of Plaintiff Mekala Michelle Frangos ("Frangos"), and at the parties' request and upon their consent evidenced by their Joint Notice Regarding Appointment of Special Master (Docket No. 29), the Court has determined that a special master will be appointed to oversee the resolution of Plaintiff Frangos' deposition. Therefore, it is HEREBY ORDERED as follows:

1.   Carole Katz, Esquire shall be appointed as Special Master in this matter for the limited purposes outlined in this Order. The duties of the Special Master shall be to preside over the remainder of Plaintiff Frangos' deposition. The Court directs Ms. Katz to file the Special Master's Affidavit confirming that she is aware of no grounds for disqualification under 28 U.S.C. § 455.

2.   Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties that the Court in its discretion may impose by further orders from time to time. The Special Master

shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently. To the extent the Special Master issues any order, report or recommendation on any dispute referred to her by the Court, the Special Master shall comply with all of the requirements of Rule 53(d) respecting entry of any such order.

3. The parties shall cooperate with the Special Master for the scheduling of Plaintiff Frangos' deposition. The deposition shall be recorded by a court reporter in accordance with Federal Rules of Civil Procedure 28 and 30(b)(3), or by stipulation of the parties.

4. The Special Master may correspond with counsel for Plaintiffs and Defendants jointly through conference calls and written correspondence, including, but not limited to, emails and letters, and may request additional information or documents from Plaintiffs or Defendants relating to the duties described herein, including, without limitation, briefs, letters, or position statements clarifying or providing additional information about their respective positions. The Special Master, however, shall not have *ex parte* communications with any party or their respective counsel. The Special Master, may, at her discretion, convene a pre-deposition status conference (by telephone, videoconference, or in-person), either with counsel, or with both counsel and parties.

5. The Special Master may, at any time, communicate *ex parte* with the Court for any purpose relating to the duties described herein. In particular, if the Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted.

6. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to her by the parties and any of her written orders, findings, and/or recommendations. The Special Master shall file any written orders, findings,

and recommendations with the Court *via* the Court's Electronic Case Filing ("ECF") system. Such filing shall fulfill the Special Master's duty to serve her order(s) on the parties pursuant to Rule 53(e).

7. The following persons are designated as the primary contacts for the Special Master:

Plaintiffs: Kristen C. Weidus, Esq.     Defendants: Sunshine R. Fellows, Esq.

8. The Special Master shall prepare and file a written Report and Recommendation in accordance with Federal Rule of Civil Procedure 53(e) regarding whether or not Plaintiff Frangos' deposition has been completed, and whether any additional rulings are recommended, including, but not limited to, sanctions pursuant to Fed.R.Civ.P. 30(d)(2) or an award of expenses pursuant to Fed.R.Civ.P. 30(d)(3)(c) and 37(a)(5). The Report and Recommendation shall include recommended findings of fact and conclusions of law as appropriate. The parties will be provided a period of fourteen (14) days from the filing of the Report and Recommendation in which to file objections to the Report. Responses to any such objections shall be filed within five (5) business days after the filing of such objections.

9. The party filing objections pursuant to Paragraph 8 shall submit with such objections any record necessary for the Court to review the Special Master's Report and Recommendation, including, if necessary, any transcript or documents submitted by the parties in connection with the proceedings.

10. The Special Master's findings of fact and conclusions of law, procedural rulings, or recommendations will be reviewed *de novo*.

11. The Special Master shall be paid her customary hourly rate and expenses. The Special Master's fees and expenses shall be paid 50% by Plaintiffs and 50% by Defendants. The

Special Master shall prepare a detailed invoice for her services, which shall be provided to counsel for the parties. Any objections or disputes regarding the Special Master's fees or expenses shall be presented to the Court. If the Special Master determines that any party has egregiously failed to participate in the deposition in good faith, the Special Master shall inform the Court of this determination so that the Court can reconsider this initial fee-splitting arrangement in addition to any recommendation for sanctions pursuant to Fed.R.Civ.P. 30(d)(2) or an award of expenses pursuant to Fed.R.Civ.P. 30(d)(3)(c) and 37(a)(5).

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All Counsel of Record